**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
**www.flmb.uscourts.gov**

In re:

GABRIEL C. MURPHY,                                     Case No.: 9:17-bk-07843-FMD

                    Debtor.                            Chapter 7

_____/

**DEBTOR'S MOTION TO DISMISS INVOLUNTARY BANKRUPTCY PETITION**
**PURSUANT TO FED. R. BANKR. PRO. 1011(b)**

COMES NOW, Gabriel C. Murphy, the Debtor in the above matter, by and through the

undersigned counsel, and respectfully moves to dismiss this involuntary bankruptcy proceeding

pursuant to Fed. R. Bankr. Pro. 1011(b), and in support thereof states as follows:

1.      The Court is respectfully referred to the Certification of Gabriel C. Murphy

(hereinafter the "Murphy Cert.") submitted with this Motion for a more detailed statement of the

facts of this matter.  Mr. Murphy is also willing to testify as to these facts, should the Court

determine that an evidentiary hearing is necessary.

2.      The within involuntary bankruptcy proceeding was filed on September 5, 2017 by

three entities – Investment Theory, LLC ("Investment Theory"), Digital Technology, LLC

("Digital Technology"), and Guaranty Solutions Recovery Fund 1, LLC ("Guaranty Solutions"),

hereinafter collectively referred to as the "Creditors."

3.      Michael Connolly is the owner of both Investment Theory and Digital Technology,

and the person who signed the Involuntary Petition on behalf of those entities, Kelly Kwiatek, is

one of Michael Connolly's attorneys (Murphy Cert. ¶¶ 3, 7).  Michael Connolly and his companies

have been involved in litigation with Mr. Murphy and his companies for over two and one-half

years, in various courts in Kansas, Florida, the Isle of Man, and the Republic of Malta (Murphy Cert. ¶¶ 7-10).

<u>**Insufficiency of Service of Process, and Lack of Personal Jurisdiction**</u>

4.       In one of those lawsuits, Investment Theory had the Lee County Sheriff personally serve Mr. Murphy with documents at his residence at 421 La Perouse Street, Lehigh Acres, FL 33974, in May 2017.  Thus, the Creditors (and Michael Connolly) were well aware that Mr. Murphy resided at that address when they filed the Involuntary Petition.  However, the address on the petition is a post office box (which Mr. Murphy no longer uses), and the Summons and Involuntary Petition were "served" by mailing those documents to the post office box (Murphy Cert. ¶ 3).  Moreover, the Creditors' attorney in his Certificate of Service filed with this Court misrepresents that the address was Mr. Murphy's "dwelling house or usual place of abode" (Murphy Cert. ¶ 3).

5.       Federal Rule of Bankruptcy Procedure 1010(a) requires that service of a Summons and an Involuntary Petition be accomplished in the manner prescribed in Rule 7004(a) or (b).  The Creditors' attorney states in his Certificate of Service that he served Mr. Murphy pursuant to Rule 7004(b)(1), which provides that service may be accomplished by mail if sent "to the individual's dwelling house or usual place of abode…."  However, as set forth above, the Creditors were aware that Mr. Murphy did not reside at that address, since they personally served him at a different address which they knew to be his residence only four months earlier.

6.       "Raising the issue that the summons and involuntary petition were never served on [the debtor] challenges not only the sufficiency of process on the debtor, … but the court's personal jurisdiction."  <u>In re Blutrich Herman & Miller</u>, 227 B.R. 53, 57 (Bankr. S.D.N.Y. 1998).  "In order to provide procedural due process, service must be reasonably calculated to provide actual notice

of a proceeding…. The notice given must be reasonably calculated under all the circumstances to give a party time to respond." Matter of Younger, 166 B.R. 494, 497 (Bankr. S.D.Ga. 1993).  In the within matter, not only was the mailing of the pleadings "not reasonably calculated to provide actual notice," but it was intentionally sent to an address which the Creditors knew was incorrect. Where a Summons and Involuntary Petition are mailed to an improper address, service is ineffective. In re O'Quinn, 359 B.R. 675, 679 (Bkcy E.D.Tenn. 2006).

7.    "[T]he plaintiff has the burden of proof to show proper service by a preponderance of the evidence." Garcia v. Cantu, 363 B.R. 503, 510 (Bankr. W.D.Tex. 2006).  "Proper service of process has been said to be a prerequisite to a court's exercising personal jurisdiction over a party." Id. at 508; see also Blutrich, 227 B.R. at 57.  Here, the Creditors have failed to meet their burden of demonstrating proper service of process, necessitating a dismissal of the petition.  "A court without personal jurisdiction is powerless to take further action."  In re International Telemedia Assoc. Inc., 245 B.R. 713, 717 (Bankr. N.D.Ga. 2000).

**Lack of Standing (Failure to State a Claim Upon Which Relief Can be Granted)**

8.    Digital Technology asserts in the Involuntary Petition that Mr. Murphy owes $325,664.45 to the company pursuant to a "promissory note and personal guaranty." However, as set forth in Mr. Murphy's Certification submitted with this motion, there is ongoing litigation between Digital Technology and Mr. Murphy and his companies, regarding the issue of whether there is any liability on the Promissory Note and Guaranty (Murphy Cert. ¶¶ 5, 6).  In fact, Mr. Murphy attaches to his Certification a Notice of Indemnification Claim, asserting that the obligation under the Note is effectively eliminated (Murphy Cert. ¶¶ 5, 6).  In order for Digital Technology to have had standing to file the Involuntary Petition, it "must hold a claim that is

neither contingent nor subject to a bona fide dispute as to liability or amount." In re Rosenberg, 414 B.R. 826, 844 (Bankr. S.D.Fla. 2009); 11 U.S.C. §303(b)(1).

9.      "In determining whether a creditor's claim is subject to a "bona fide dispute" within the meaning of §303(b)(1) and (2), courts have adopted an objective standard…. The outcome of a dispute need not be resolved, only its presence or absence and the Court need engage only in a limited analysis of the claims at issue." In re Manhattan Industries, Inc., 224 B.R. 195, 199 (Bankr. M.D.Fla. 1997); accord, Farmers & Merchants State Bank v. Turner, 518 B.R. 642, 649 (N.D.Fla. 2014).  In the within matter, Mr. Murphy has presented the Court with ample evidence that Digital Technology's claim is subject to a bona fide dispute, and is the subject of ongoing litigation.

10.      "[T]he petitioning creditor bears the burden to demonstrate a prima facie case that its claim is not subject to a bona fide dispute…. [A] bona fide dispute exists and requires dismissal of the creditors' petition 'if there is … a genuine issue of material fact that bears upon the debtor's liability or amount….'" Farmers, 518 B.R. at 649, quoting In re Axl Indus., Inc., 127 B.R. 482, 485 (S.D.Fla. 1991).  "In other words, 'if there are substantial legal or factual questions raised by the debtor, the debtor can preclude the creditor from being an eligible petitioning creditor.'" Farmers, 518 B.R. at 649, quoting 2 Collier on Bankruptcy ¶ 303.11[1].  "Congress has made clear that it intended to disqualify a creditor whenever there is any legitimate basis for the debtor not paying the debt, whether that basis is factual or legal." Farmers, 518 B.R. at 649, quoting In re Taub, 439 B.R. 261, 273 (Bankr. E.D.N.Y. 2010).

11.      Thus, the court in Farmers held that the bankruptcy court had properly dismissed an involuntary petition, since there was a bona fide dispute as to the amount of a petitioning creditor's claim.  "[A]ny dispute as to amount (whether implicating the statutory threshold or not) renders a creditor ineligible." Farmers, 518 B.R. at 652. Here, Digital Technology's claim is not

only contingent (since it is Mr. Murphy's personal guaranty of a Note he did not sign in his individual capacity, see Rosenberg, 414 B.R. at 844), but it is also subject to a bona fide dispute as to both liability and amount.  Thus, Digital Technology had no standing to file the Involuntary Petition.

### Bad Faith

12.     Mr. Murphy sets forth in detail the ongoing lawsuits in Kansas, Florida, the Isle of Man, and the Republic of Malta, between him and Michael Connolly, and their various companies (Murphy Cert. ¶¶ 7-12).  Also set forth is Mr. Connolly's continuing attempts to avoid having his deposition taken as compelled by a Florida state court judge for use in one of the Kansas lawsuits. After being served with a subpoena and a notice to have his deposition videotaped, on the day before his scheduled deposition, Mr. Connolly filed a lawsuit in Orange County, Florida against Mr. Murphy to enjoin Mr. Murphy from taking Mr. Connolly's deposition (Murphy Cert. ¶ 8). However, the Orange County court issued an order compelling Mr. Connolly to comply with the deposition notice.  Instead of complying, Mr. Connolly filed a Writ of Certiorari with the 5th District Court of Appeals (the "5[th] DCA").  When all appellate briefs were filed, and the 5th DCA could have issued its opinion at any time, Mr. Connolly had his companies file the within involuntary bankruptcy against Mr. Murphy, and then notified the 5th DCA that the appeal was stayed (Murphy Cert. ¶¶ 8-10).

13.     Clearly, the Creditors, at the direction of Mr. Connolly, filed the within bankruptcy against Mr. Murphy in bad faith, for the main purpose of stopping Mr. Murphy from taking Mr. Connolly's deposition.  But the bad faith does not stop there.  As shown previously, the Summons and Involuntary Petition were purposely mailed to an address which the Creditors knew was not Mr. Murphy's residence.  Furthermore, the Creditors and Mr. Connolly did not file any notice as

to the bankruptcy in the Kansas litigation until September 19, 2017, even though the notice states that it was served on September 7, 2017 (Murphy Cert. ¶ 4). That notice also falsely states that the automatic stay is in effect in that case, even though the Kansas case is an action brought by Mr. Murphy as a Plaintiff. "The automatic stay provision of the Bankruptcy Code, 11 U.S.C. §362, does not extend to lawsuits initiated by the debtor." Crosby v. Monroe County, 394 F.3d 1328, 1331 ftnt.2 (11th Cir. 2004), and cases cited thereunder.

14.     "Bankruptcy is to 'serve as a shield for debtors, not as a sword for creditors.'" Farmers, 518 B.R. at 650, quoting In re Prisuta, 121 B.R. 474, 476 (Bankr. W.D.Pa. 1990). "The central policy behind involuntary petitions was to protect the threatened depletion of assets or to prevent the unequal treatment of similarly situated creditors…. To effectuate proper implementation of this federal bankruptcy policy, it is the province of the Court to ascertain a creditor's objective in filing for relief and determine whether the petition was filed in good faith." Manhattan, 224 B.R. at 200-201.

15.     In a case strikingly similar to the within matter, the court in Manhattan held that a petitioning creditor had filed it in bad faith, and was attempting to use the bankruptcy laws to further the creditor's objectives in state court. "The reasons that make involuntary bankruptcy justifiable are absent in this case…. [The creditor] has attempted to exercise bankruptcy laws to adversely affect the state court litigation against the Debtor…. Unscrupulous creditors should not be allowed to change the outcome of an existing lawsuit by filing for refuge in the bankruptcy courts…. There is no legitimate purpose for this involuntary petition." Id. at 201. It is respectfully submitted that this involuntary bankruptcy has been filed for an improper purpose and in bad faith, and should be dismissed.

**Damages**

16.     The Bankruptcy Code empowers this Court to award counsel fees and costs if the Court dismisses the Involuntary Petition.  11 U.S.C. §303(i)(1).  In addition, if the Court finds that a creditor filed the petition in bad faith, the Court may also award damages proximately caused by the filing, and punitive damages.  11 U.S.C. §303(i)(2).  As has been shown, not only should this involuntary bankruptcy be dismissed (for insufficiency of service of process, lack of personal jurisdiction, and lack of standing), but there should also be a finding that it was filed in bad faith by the two companies owned by Mr. Connolly – Investment Theory and Digital Technology. Furthermore, it has been shown that Mr. Connolly is the main person responsible for the filing of this bankruptcy.  Even though he is not one of the petitioning Creditors, he can still be held liable for damages if it can be shown that his companies were just "nominally listed," and that the petition was filed at his direction.  See In re Rosenberg, 779 F.3d 1254, 1258, 1268-1269 (11th Cir. 2015). It is respectfully requested that if the Court dismisses the Involuntary Petition, that it award punitive damages against Mr. Connolly and his companies, and that it reserve jurisdiction for a future determination of the amount of compensatory damages, including counsel fees and costs.


WHEREFORE, the Debtor, Gabriel C. Murphy, respectfully requests that this Court issue an Order as follows: (1) dismissing the within bankruptcy proceeding with prejudice, (2) declaring that the petition was filed in bad faith, (3) enjoining Michael Connolly and any company he owns or controls from filing an involuntary bankruptcy against the Debtor or any company which the Debtor owns or controls for a period of two years, (4) awarding punitive damages against Michael Connolly, Investment Theory LLC, and Digital Technology LLC, (5) awarding reasonable counsel fees and costs, and any damages proximately caused by the involuntary filing, against Michael

Connolly, Investment Theory LLC, and Digital Technology LLC, with the Court reserving jurisdiction to determine said amounts at a future date, and (6) awarding such other and further relief as this Court deems just.

> BRIAN D. ZINN, LLC
> *Counsel for Debtor*
> 1342 Colonial Boulevard, Suite K230
> Fort Myers, Florida 33907
> Phone: (239) 418-1529
> Facsimile: (239) 236-0295
>
>   /s/ Brian D. Zinn
> BRIAN D. ZINN, Esq.
> Fla. Bar No. 012497
> brian@zinn.law
> www.zinn.law

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished **electronically via CM/ECF**, or otherwise by **first class US Mail**, to the following interested parties, on September 28, 2017:

U.S. Trustee, 501 E. Polk Street, Suite 1200, Tampa, FL 33602
Richard R. Thames, Esq., Thames Markey & Heekin, P.A., 50 N. Laura St. #1600, Jacksonville, FL 32202
All persons receiving notice via CM/ECF

>   /s/ Brian D. Zinn
> BRIAN D. ZINN, Esq.
> Fla. Bar No. 012497
> brian@zinn.law